IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A.R. NEJAD ENTERPRISES, INC., <br> Plaintiff, <br><br> v. <br><br> HOME DECORATORS <br> COLLECTION, INC. <br><br> Defendant. | Civil Action No.:_____ |

## COMPLAINT FOR DAMAGES AND INJUNCTION FOR COPYRIGHT INFRINGMENT AND RELATED CLAIMS

Plaintiff, A.R. Nejad Enterprises, Inc., (hereinafter referred to as "A.R. Nejad"), by its attorneys, Harding, Earley, Follmer & Frailey, for this complaint against defendants, Home Decorators Collection, Inc. (hereinafter "HDC"), alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, and for the related claims of unfair competition. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and under its supplemental jurisdiction.

2. Venue is proper in this district under U.S.C. §§ 1391 and 1400(a).

## PARTIES

3. Plaintiff is a Pennsylvania corporation having an address at 1 Main Street, Doylestown, PA 19801.

4. Plaintiff is informed and believes, and on that basis alleges, that Defendant is a Missouri corporation with its principal place of business located at 5555 St. Louis Mills Boulevard, Suite 135, Hazlewood, MO 63042.

5. Plaintiff is informed and believes, and on that basis alleges, the Defendant is qualified to do business is and is doing business in the state of Pennsylvania.

## BACKGROUND FACTS

6. Plaintiff is and, at all times relevant to the matters alleged in this complaint, was engaged in the business designing, producing, wholesaling, retailing, distributing, and marketing rugs.

7. Prior to August 18, 2003, Plaintiff created a design for carpets entitled Savanerie Carpet (hereinafter referred to as the "Subject Work"). A copy of a photograph showing the Subject Work embodied in Plaintiff's rug is attached as Exhibit "A".

8. The Subject Work contains material wholly original with Plaintiff that is copyrightable subject matter under the laws of the United States.

9. On or about October 22, 2003, Plaintiff applied to the Register of Copyrights for a Certificate of Registration for the Subject Work. The certificate was issued by the Register of Copyrights on October 22, 2003 and bears Registration No. TX 5-854-528. A true and correct copy of this certificate is attached hereto as Exhibit "B".

10. Plaintiff is currently and at all relevant times has been the sole proprietor of all right, title, and interest in and to the copyright and the Subject Work. Plaintiff has produced and distributed the Subject Work in strict conformity with the provisions of the Copyright Act of 1976 and all other laws governing copyright.

11. Plaintiff is informed and believes, and on that basis alleges, that Defendant knowingly and willfully directly copied Plaintiff's Subject Work. Plaintiff is further informed and believes,

and on the basis alleges, that Defendant copied the Subject Work for the specific purposes of infringing Plaintiff's copyrights and selling illegal and unauthorized copies of the Subject Work.

12.     Plaintiff is informed and believes, and on that basis alleges, that after October 22, 2003, Defendant has been reproducing, distributing, promoting and offering for sale illegal and unauthorized copies of the Subject Work. Exhibit "C" is a copy of a photograph showing a rug, sold by Defendant which embodies Plaintiff's Subject Work.

13.     Plaintiff is informed and believes, and on that basis alleges, that Defendant is attempting to pass its products off as if they are Plaintiff's products in a manner calculated to deceive Plaintiff's customers and members of the general public, in that Defendant has copied Plaintiff's pattern in an effort to make Defendant's infringing product confusingly similar to Plaintiff's.

14.     The natural, probable and foreseeable result of Defendant's wrongful conduct has been and will continue to be to deprive Plaintiff of the benefits of selling Plaintiff's Subject Work and its other products, to deprive Plaintiff of goodwill, and to injure Plaintiff's relations with present and prospective customers.

15.     Plaintiff is informed and believes, and on the basis alleges, that it has sustained and will continue to sustain damage as a result of Defendant's wrongful conduct and Defendant's production and sale of these infringing products. Defendant's wrongful conduct has also deprived and will continue to deprive Plaintiff of opportunities for expanding its goodwill.

16.     Plaintiff is informed and believes, and on that basis alleges, that unless enjoined by this Court, Defendant intends to continue its course of conduct and to wrongfully use, infringe upon, sell and otherwise profit from Plaintiff's Subject Work and works derived from it. As a direct and proximate result of the acts of Defendant alleged above, Plaintiff has already suffered irreparable damage and has sustained lost profits. Plaintiff has no adequate remedy at law to

redress all of the injuries that Defendant has caused and intends to cause by its conduct. Plaintiff will continue to suffer irreparable damage and sustain lost profits until Defendant's actions alleged above are enjoined by this Court.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT
## (17 U.S.C. §§ 101 et seq.)

17. Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 16, inclusive, and incorporates them herein by reference.

18. By its actions alleged above, Defendant has infringed and will continue to infringe Plaintiff's copyright in to the Subject Work by producing, distributing, and placing upon the market products which are direct copies of Plaintiff's copyrighted Subject Work.

19. Plaintiff is entitled to an injunction restraining Defendant, its officers, agents and employees, and all persons acting in concert with it, from engaging in any further such acts in violation of the copyright laws.

20. Plaintiff is further entitled to recover from Defendant the damages, including attorneys' fees, it has sustained and will sustain, and any gains, profits and advantages obtained by Defendant as a result of Defendant's acts of infringement alleged above. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff.

## SECOND CLAIM FOR RELIEF
## UNFAIR COMPETITION UNDER
## SECTION 43(a) OF THE LANHAM ACT

21. Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 16, and 17 through 20, inclusive, and incorporates them herein by reference.

22. Defendant's conduct alleged above constitutes unlawful, unfair, or deceptive business practices in violation of section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

23.     These wrongful acts have proximately caused and will continue to cause Plaintiff substantial injury, including loss of customers, dilution of its goodwill, confusion of existing and potential customers, injury to its reputation, and diminution of the value of its products.

24.     Defendant's activities have been willful and with knowledge that its activities are likely to confuse, or to cause mistake, or to deceive the public.

25.     On information and belief, defendant, by its unlawful activities have made profits to which it is not entitled in law or equity, and Plaintiff has lost profits to which it is entitled.

26.     Plaintiff has sustained irreparable harm to its business, reputation, and goodwill, and unless defendant is enjoined and restrained by this Court, Defendant will continue in the activities alleged herein and as a result thereof, Plaintiff will continue to sustain irreparable harm to its business, reputation, and goodwill.

27.     Plaintiff has no adequate remedy at law.

28.     Defendant's acts have been willful and/or with a wanton and reckless disregard for Plaintiff's rights.

### THIRD CLAIM FOR RELIEF
### COMMON LAW UNFAIR COMPETITION

29.     Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 16, 17 through 20, 21 through 28, inclusive, and incorporates them herein by reference.

30.     Defendant's conduct alleged above constitutes unlawful, unfair, or deceptive business practices in violation of common law unfair competition.

31.     These wrongful acts have proximately cause and will continue to cause Plaintiff substantial injury, including loss of customers, dilution of its goodwill, confusion of existing and potential customers, injury to its reputation, and diminution of the value of its products.

32. Defendant's activities have been willful and with knowledge that its activities are likely to confuse, or to cause mistake, or to deceive the public.

33. On information and belief, defendant, by its unlawful activities have made profits to which it is not entitled in law or equity, and Plaintiff has lost profits to which it is entitled.

34. Plaintiff has sustained irreparable harm to its business, reputation, and goodwill, and unless defendant is enjoined and restrained by this Court, Defendant will continue in the activities alleged herein and as a result thereof, Plaintiff will continue to sustain irreparable harm to its business, reputation, and goodwill.

35. Plaintiff has no adequate remedy at law.

36. Defendant's acts have been willful and/or with a wanton and reckless disregard for Plaintiff's rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Court find that Defendant has infringed Plaintiff's copyright in the Subject Work.

2. That the Court find a substantial likelihood that Defendant will continue to infringe Plaintiff's copyright in the Subject Work unless enjoined from doing so.

3. That Defendant, its directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing Plaintiff's copyright in the Subject Work or continuing to market, offer, sell, dispose or, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the Subject Work or to continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or assist in any such activity.

4. That Defendant, its directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined to return to Plaintiff any and all originals, copies, facsimiles, or duplicates of the Subject Work in their possession, custody or control.

5. That Defendant, its directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined to recall from all distributors, wholesalers, jobbers, dealers, retailers, and distributors, and all others known to Defendant, any originals, copies facsimiles, or duplicates of any works shown by the evidence to infringe any copyright in the Subject Work.

6. That Defendant be enjoined to deliver upon oath, to be impounded during the pendency of this action and destroyed pursuant to judgment herein, all originals, copies, facsimiles, or duplicates of any work shown by the evidence to infringe any copyright in the Subject Work.

7. That Defendant be required to file with the Court and to serve on Plaintiff, within 30 days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the Court's order.

8. That judgment be entered for Plaintiff and against Defendant for Plaintiff's actual damages according to proof, and for any profits attributable to infringements of Plaintiff's copyrights, in accordance with proof.

9. That judgment be entered for Plaintiff and against Defendant for any and all damages based upon Defendant's acts of infringement, pursuant to the Copyright Act for 1976, 17 U.S.C. §§ 101 *et seq.*

10. That Defendant be required to account for all gains, profits, and advantages derived from its acts of infringement and for its other violations of law.

11. That all gains, profits and advantages derived by Defendant from its acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of Plaintiff.

12. That Plaintiff have judgment against Defendant for Plaintiff's costs and attorneys' fees.

13. That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

## JURY DEMAND

Plaintiff demands a jury trial.

Respectfully submitted,

HARDING, EARLEY, FOLLMER & FRAILEY

Dated: 8/19/05

By: *John F.A. Earley*
John F.A. Earley III, (I.D. No. 38,839)
Frank J. Bonini, Jr. (I.D. No. 59,394)
86 The Commons at Valley Forge East
1288 Valley Forge Road
Post Office Box 750
Valley Forge, PA  19482-0750
Telephone:  (610) 935-2300

Attorneys for Plaintiff