```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

A.R. NEJAD ENTERPRISES, INC.      :     CIVIL ACTION
                                  :
         v.                       :
                                  :
HOME DECORATORS COLLECTION, INC.:       No. 05-04442-JF

MEMORANDUM AND ORDER

Fullam, Sr. J.                                          April 6, 2006

        Plaintiff alleges that it designs and sells a particular type of oriental rug, that it owns the copyright on the design of the rug, and that the defendant has, without permission, copied the design and is selling the rug as its own. Plaintiff's complaint asserts claims under the Copyright Act, the Lanham Act, and the common law of unfair competition.  The defendant has filed a motion to dismiss all of the complaint except the Copyright Act claim.

        At this stage, we are concerned only with the sufficiency of plaintiff's pleading.  If, as plaintiff alleges, it owns a copyright on the design of the rug, the mere copying of that design by the defendant would not violate the Lanham Act, and plaintiff's remedies would be confined to the Copyright Act. <u>Dastar Corp. v. Twentieth Century Fox Film Corp.</u>, 539 U.S. 23, 156 L. Ed. 2d 18 (2003).  On the other hand, if plaintiff is not the owner of a valid copyright on the design of the rug (as distinguished from the catalog in which the rug is pictured), plaintiff would need to show that its unregistered trademark has

acquired secondary meaning in order to prevail under the Lanham Act.  <u>Wal-Mart Stores, Inc. v. Samara Bros., Inc.</u>, 529 U.S. 205, 146 L. Ed. 2d 182 (2000).

In ruling upon defendant's motion to dismiss the complaint, I must draw all inferences in favor of the plaintiff.  While the complaint is not a model of clarity, I believe it contains sufficient averments to pass muster under either theory; and pleading in the alternative is permissible.  More specifically, if plaintiff is unable to prove a valid copyright in the design of the rug in question, but can prove that its distinctive design has acquired secondary meaning connoting plaintiff's source of the product, plaintiff may be able to prevail on its Lanham Act claim.  When the facts are more fully developed, summary judgment limiting plaintiff's claims may well be appropriate, but I do not believe dismissal under Rule 12(b)(6) can be justified on the present state of the record.

An Order follows.

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


A.R. NEJAD ENTERPRISES, INC.    :      CIVIL ACTION
                                :
          v.                    :
                                :
HOME DECORATORS COLLECTION, INC.:      No. 05-04442-JF
```

ORDER

AND NOW, this 6th day of April 2006, upon consideration of Defendant's Motion to Dismiss plaintiff's complaint, IT IS ORDERED:

That the motion is DENIED.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.